## Pine Manor Homes, Inc., v. Duval

*Thomas J. Timoney*, for plaintiff.

*Ronald H. Israelit* and *F. Kenneth Moore*, for defendants.

GERBER, J., November 21, 1958.—Plaintiff, a Pennsylvania corporation, seeks to impose liability on the named individual defendants on the basis of an obligation of Baederwood, Inc., a dissolved corporation. This obligation arises from an agreement of sale between Baederwood, Inc., seller, and Ethel Katz or her nominee, buyer, in which the former agreed to assume responsibility for collecting improvement costs chargeable against certain named persons. Plaintiff is the assignee of the buyer. The individual defendants were officers, directors and/or shareholders of Baederwood, Inc., said corporation having been dissolved by voluntary action prior to the time that the improvements were made.

The complaint states that the cause of action against the individual defendants is founded on section 1111 of the Business Corporation Law of May 5, 1933, P. L. 364, 15 PS §2852-1111. Preliminary objections to the complaint were filed which, in essence, aver that no cause of action is set forth in the complaint. After consideration of the oral argument and briefs, the court is of the opinion that the preliminary objections must be sustained.

The averments of the complaint do not set forth a cause of action within the meaning of section 1111, supra. Two independent reasons lead to this conclusion. The basis of section 1111 is that the dissolution of a corporation shall not impair any remedy for any liability against the corporation, its directors or shareholders which was incurred prior to its dissolution: Ludlow v. Portable Quarries, Inc., 53 D. & C. 63 (1944). This provision is in derogation of the common law rule that there is no available remedy against a dissolved corporaton: Luidlow v. Portable Quarres, Inc., supra.

The first reason for the court's conclusion that section 1111 is inapplicable, is that the statutory survival of remedies is restricted to a liability incurred prior to dissolution. The obligation herein involved is the collection of improvement costs. Baederwood, Inc., the party which assumed this obligation, was dissolved 13 months before the improvements were made. The issue thus presented is whether or not there was liability which was incurred prior to dissolution.

The word "liability" can have a broad range of meanings, extending from a judgment to a contingent liability. The problem is the ascertainment of its meaning as used in section 1111. "Liability" is used in connection with a remedy for a liability in the statutory provision in question. The court believes that "liability", as therein used, means an actual, present liability, for that would be necessary before there could be a remedy. In Roncace v. Marchgiani Home Assn., 30 D. & C. 480 (1937), the court, in discussing section 1111, stated, by way of dicta, that: "The word 'liability' seems to imply a debtor and creditor relationship." The section preserves the remedy, and by definition, there must be a remedy which can be preserved. In the case at bar, a contingent obligation existed at the time of dissolution, for Baederwood's responsibility for col-

lection could not become an active duty until the precedent improvements were made. Since the improvements were made subsequent to the dissolution, there was no available remedy prior to or at the time of dissolution. A breach of the obligation of collection, which would give rise to a remedy, could not occur until the improvements had been made. Thus, the obligation of collection was not a liability incurred prior to dissolution within the meaning of section 1111.

Secondly, this action is not against the dissolved corporation, but against certain of its directors, officers and/or shareholders. However, the obligation of collection was assumed by the corporation, Baederwood, Inc., not the named individual defendants. Thus, at the time of dissolution, there was no duty or responsibility on the individual defendants on the basis of the obligation of collection assumed by the corporation, under the agreement of sale. Therefore, there could be no "remedy against such. . . . directors or shareholders for any liability incurred prior to such dissolution."

Plaintiff, in his brief, cites Heaney v. Riddle, 343 Pa. 453 (1942). That case involved a common law remedy and its reasoning is not applicable to the remedy provided in section 1111 of the Business Corporation Law. Plaintiff's remedy, if any, is under the common law, against directors for an improper distribution of assets in dissolution by failing to provide for creditors or against shareholders for receiving assets which should have been preserved for creditors. Plaintiff's complaint does not aver any such common law remedy nor does it aver improper distribution or receipt of corporate assets in dissolution.

And now, to wit, November 21, 1958, it is ordered, adjudged and decreed that defendant's preliminary objections to the complaint are sustained. Plaintiff is granted leave to amend within 30 days hereof.